IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

v.

DARRIELL CROSS,

                Defendant.

ORDER

05-cr-94-jcs
08-cv-61-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Darriell Cross has filed a motion pursuant to 28 U.S.C. § 2255, contending that his court-appointed counsel was constitutionally ineffective because he failed to request a downward departure for defendant's role as a minimal participant. (During Judge Shabaz's convalescence from shoulder surgery, I am handling his cases, including this one.)

      Defendant contends that he was denied the effective assistance of counsel because his lawyer did not request a downward reduction for defendant's role as a minimal participant. He argues that he was the least culpable of the three defendants at the scene when he was arrested for possession of crack cocaine and therefore his lawyer should have argued for the reduction. The government disagrees, contending that because defendant was the only

1

participant in the offense charged, his lawyer could not have argued for such a reduction.

To prevail on his allegations of ineffectiveness, defendant has to show that his attorney's work was below the minimum expected of defense counsel *and* that the attorney's errors or omissions prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984). Generally, a showing of prejudice requires a showing that but for counsel's error or omission, there is a reasonable probability that the results would be different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. In this case, in which defendant is attacking his representation at sentencing, defendant must show that he would have received a lower sentence had counsel not failed to ask for a downward departure for defendant's allegedly minimal role in the offense. Although defendant asserts that Judge Shabaz would have granted him a reduction in his offense level had counsel simply asked for it, he cannot support his assertion. Judge Shabaz made it clear in his sentencing statement that he had considered whether defendant qualified for a minor role reduction and had concluded he did not; it follows that he would not have viewed defendant as qualifying for the greater reduction for a minimal role.

Judge Shabaz's view is supported by the guidelines, which provide in § 3B1.2 that a reduction for role in the offense does not apply when only one defendant is involved in an offense. Much as defendant would like to characterize his offense as involving three persons;

2

he was the only one in the car charged with possession of crack cocaine. His two companions were charged separately (from defendant and from each other) for different offenses after crack cocaine was recovered from their hotel rooms. Defendant has failed to show that his attorney was ineffective. Therefore, I will deny his motion for a reduction in his sentence pursuant to 28 U.S.C. § 2255.

It appears, however, that defendant may be eligible for a reduction in his sentence under 18 U.S.C. § 3582 because he was sentenced for a crack cocaine offense before the sentencing guidelines were amended to reduce the applicable guidelines for such offenses. If defendant wishes to be heard on such a reduction, he may have until April 25, 2008 in which to file and serve a request for a reduction in his sentence together with any supporting argument; the government may have until May 9, 2008, in which to respond.

ORDER

IT IS ORDERED that defendant Darriell Cross's motion for a reduction of his sentence pursuant to 28 U.S.C. § 2255 is DENIED; defendant may have until April 25, 2008, in which to be heard on a motion for a reduction of his sentence pursuant to 18

U.S.C. § 3582.

Entered this 10th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4